IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUI JIANG,<br><br>      Defendant. | Case No. 1:24-mj-64 |

**CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER**

      The United States of America, by and through undersigned attorney, with the consent of the defendant through his counsel, respectfully moves this Honorable Court for entry of the attached Protective Order, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Federal Rule of Evidence 502(d). Counsel for the defendant has reviewed the proposed protective order and advised that the defendant does not oppose this motion. In support thereof, the government states as follows:

      1.    A complaint was filed in the Eastern District of Virginia on February 23, 2023, charging the defendant with transmitting interstate communications/threats to cause bodily injury, in violation of 18 U.S.C. § 875(c). The defendant had his initial appearance on February 28, 2024. DE 9. On March 1, 2024, a preliminary hearing was held, and the defendant was ordered detained. DEs 16-17.

      2.    The United States is prepared to begin providing discovery to the defendant in relation to the single charge filed in the complaint, and in relation to other potential charges the government is contemplating. To this end, some evidence gathered thus far in this case contains

the personal identifying information (PII) of others who are not the defendant. To best ensure the defendant has access to all relevant information in this matter, the government seeks to provide this information in an unredacted format.

3. The proposed Protective Order regulates discovery in this case by restricting the use and dissemination of certain documents and evidence provided to defense through discovery. In sum, the proposed Protective Order is narrowly tailored to protect documents and/or evidence which contains the unredacted PII of persons other than the defendant. The Protective Order would prohibit the dissemination of these documents and evidence, and the information contained therein, to unrelated third parties, other than as necessary for the defendant's investigation of the allegation(s) and in preparation of his defense. Moreover, this Protective Order would require that the Protected Materials, which shall be clearly marked as such in discovery, would have to be destroyed and certified as such, or returned to the United States, following the termination of this case, to the extent consistent with defense counsel's ethical obligations.

4. The defendant and his counsel have reviewed this Motion and the proposed Protective Order, and have agreed to its terms.

WHEREFORE, the undersigned respectfully request that the Court enter the proposed Protective Order.

                                                  Respectfully submitted,

                                                  Jessica D. Aber
                                                  United States Attorney

Date:  March 6, 2024                By:        /s/
                                                  Nicholas A. Durham
                                                  Assistant United States Attorney
                                                  United States Attorney's Office
                                                  2100 Jamieson Avenue
                                                  Alexandria, Virginia 22314
                                                  Tel: (703) 299-3700
                                                  Fax: (703) 299-3982
                                                  nicholas.durham@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2024, I filed the foregoing with the Office of the Clerk of Court electronically using the CM/ECF system, which will automatically send a notification of such filing to all counsel of record.

                                      /s/
                            Nicholas A. Durham
                            Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUI JIANG,<br><br>       Defendant. | Case No. 1:24-mj-64 |

## PROTECTIVE ORDER

This matter is before the Court on the government's Consent Motion for Entry of Protective Order restricting the disclosure and dissemination of select documents, electronic records and information produced by the United States to the defendant as part of its discovery obligations in this case. These documents, electronic records, and other information ("Protected Materials"), shall be subject to the following order ("Order"):

1.   The government shall disclose Protected Materials – defined as evidence which contains the unredacted personal identifying information (PII) of persons other than the defendant, or other sensitive information – to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and any Discovery Order entered in the case.

2.   This evidence shall be marked as 'Protected Materials" by the United States.

3.   The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

4. Access to Protected Materials shall be restricted to persons authorized by this Order, namely the defendant, attorney(s) of record in this case, and attorneys, paralegals, investigators, experts, and secretaries employed by or working with the attorney(s) of record and performing work on behalf of the defendant, and potential witnesses who authored, had access, or whose testimony is relevant to Protected Materials.

5. The following restrictions are placed on the defendant, defendant's attorney(s), and the above-designated individuals, unless and until further ordered by the Court. The defendant, defendant's attorney(s), and the above-designated individuals shall not:

   a. allow any other person to read, access, or have copies of Protected Materials;

   b. use the Protected Materials or information contained therein for any purpose other than preparing to defend against the charge(s) in this case; or

   c. file Protected Materials or information therein on the public record without adequate redactions being put in place.

6. Prior to the disclosure of Protected Materials to any person to whom disclosure may be made pursuant to this Order, defendant's attorney(s) shall serve the authorized individual with a copy of the Protective Order and inform such person of the existence and terms of this Order.

7. Nothing in this Order shall restrict the use or introduction as evidence by the defendant's attorney(s) of Protected Materials or information during, or in preparation for, the trial of this matter. Defendants' attorney(s), however, must redact any personal identifying information in the Protected Materials in accord with Federal Rule of Criminal Procedure 49.1.

8. Upon conclusion of this action and consistent with their ethical obligations, defendant's attorney(s) shall return to government counsel, or destroy and certify to government

counsel the destruction of, all Protected Materials, or copies or representations thereof, within a reasonable period of time, not to exceed thirty days after the last appeal is final.

9.   This Protective Order does not modify the Court's discovery order or any of the responsibilities and obligations of the parties thereto.

IT IS SO ORDERED.

Dated:_____          _____
                                     Hon. Ivan D. Davis
                                     UNITED STATES MAGISTRATE JUDGE